UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
SERVICE EMPLOYEES INTERNATIONAL )
UNION NATIONAL INDUSTRY )
PENSION FUND, )
11 Dupont Circle, N.W., Suite 900 )
Washington, DC 20036-1202, )
 )
and )
 )
STEPHNE ABRECHT, RODERICK S. BASHIR, )
KEVIN J. DOYLE, DAVID A. STILWELL, )
STEVEN W. FORD, LARRY T. SMITH )
FRANK A. MAXSON, EDWARD MANKO, )
JOHN J. SHERIDAN, AND MYRIAM )
ESCAMILLA, TRUSTEES OF THE )
SERVICE EMPLOYEES INTERNATIONAL )
UNION NATIONAL INDUSTRY )
PENSION FUND, )
11 Dupont Circle N.W., Suite 900 )
Washington, DC 20036-1202 )
 )
       Plaintiffs, ) Case No:
 )
v. )
 )
THE HEARTHSIDE SNF LLC )
d/b/a HEARTHSIDE REHABILITATION AND )
NURSING CENTER )
450 Waupelani Drive )
State College, PA 16801 )
 )
       Defendant. )
_____)

**COMPLAINT UNDER ERISA FOR DELINQUENT CONTRIBUTIONS, INTEREST,
LIQUIDATED DAMAGES, ATTORNEYS FEES AND COSTS**

**Introduction, Jurisdiction and Venue**

1.   This is a civil action brought by an employee benefit plan, and by the Trustees of

an employee benefit plan, pursuant to Sections 502(a)(3), (d)(1), (g)(2) and 515 of the Employee

1

Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1132(a)(3), (d)(1), (g)(2) and 1145 and Section 301(a) of the Labor Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 185(a) to collect unpaid collectively bargained contributions, interest, and liquidated damages owed by the Defendant.

2. Jurisdiction is conferred upon this Court by Section 502(e) and (f) of ERISA, 29 U.S.C. § 1132(e) and (f), and Section 301(c) of the LMRA, 29 U.S.C. § 185(c). Jurisdiction also lies under 28 U.S.C. § 1331.

3. Venue is proper under Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), as the SEIU Pension Fund is administered in this district.

## Parties

4. Plaintiff Service Employees International Union National Industry Pension Fund (the "SEIU Pension Fund"), is an employee pension benefit plan within the meaning of Section 3(2), (3) of ERISA, 29 U.S.C. § 1002(2), (3), and a multiemployer plan within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A), established and maintained for the purpose of providing pension benefits to eligible employees. The SEIU Pension Fund is and at all times material herein has been, a jointly administered trust fund established pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5). The SEIU Pension Fund is administered at 11 Dupont Circle, N.W., Suite 900, Washington, D.C. 20036.

5. Plaintiff Trustees of the SEIU Pension Fund, Stephen Abrecht, Roderick S. Bashir, Kevin J. Doyle, David A. Stilwell, Steven W. Ford, Frank A. Maxson, Edward J. Manko, John J. Sheridan, Larry T. Smith and Myriam Escamilla are the duly authorized Trustees of the

SEIU Pension Fund whose duty it is to administer the SEIU Pension Fund for the benefit of the participants and beneficiaries of the SEIU Pension Fund. Plaintiff Trustees are fiduciaries within the meaning of 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are authorized and empowered to maintain this action.

6. Defendant is an "employer[s] in an industry affecting commerce" as defined in Section 3(5), (9), (11), and (12) of ERISA, 29 U.S.C. §§ 1002(5), (9), (11), and (12), and Section 2(2), (6), and (7) of the LMRA, 29 U.S.C. §§ 152(2), (6), and (7).

7. Upon information and belief, Defendant The Hearthside SNF, LLC, is a limited liability corporation registered in the state of Pennsylvania with a mailing address of 450 Waupelani Drive, State College, PA 16801, doing business as Hearthside Rehabilitation and Nursing Center.

## Factual Background

8. At all relevant times, Service Employees International Union Healthcare Pennsylvania (the "Union") has been the exclusive collective bargaining agent for the Defendant's employees working for The Hearthside SNF, LLC.

9. The Defendant was party to a collective bargaining agreement ("Collective Bargaining Agreement") with the Union effective for the periods described herein. A true, correct and complete copy of the relevant Collective Bargaining Agreement is attached as Plaintiffs' Exhibit 1.

10. Pursuant to Section 515 of ERISA, 29 U.S.C. § 1145, employers who are obligated to make contributions to a multi-employer employee benefit plan must do so in accordance with the terms of the applicable collective bargaining agreement.

11. Pursuant to the Collective Bargaining Agreement, the Defendant is obligated to remit contributions to the SEIU Pension Fund. See Plaintiffs' Exhibit 1, Art. 21, Appendix B. The Defendant further agreed to comply with and be bound by this Fund's Trust Agreement and its collection policies. See Plaintiffs' Exhibit 1. A true and correct copy of the Agreement and Declaration of Trust is attached hereto as Exhibit 2. A true and correct copy of the Collections Policy is attached hereto as Exhibit 3.

12. At all relevant times, Section 3.1 of the SEIU Pension Fund's Trust Agreement provides that an employer must submit complete remittance reports to the SEIU Pension Fund with the employer's contributions. The remittance report must contain the names of each covered employee and the number of compensable hours for each employee during the reporting month. See Plaintiffs' Exhibit 2.

13. At all relevant times, the Trust Agreement and the SEIU Pension Fund's Policy for Collection of Delinquent Contributions ("Collection Policy") provide that an employer delinquent in its contribution obligations to the SEIU Pension Fund is liable for interest at the rate of ten percent (10%) per annum, liquidated damages at the rate of twenty percent (20%) after the commencement of legal action, and attorneys' fees and costs.

14. Pursuant to the Collective Bargaining Agreement, Defendant was required to contribute $0.20 per hour paid for each covered employee.

15.  As of April 2009, the Fund was determined to be in critical status. Participating employers in the Fund were notified of this status via letter on April 30, 2009. A copy of this letter is attached as Plaintiffs' Exhibit 4. In April 2010, the Fund was again determined to be in critical status. Participating employers in the Fund were again notified of this status by letter on April 30, 2010. A copy of this letter is attached as Plaintiffs' Exhibit 5.

16.  As a result of the Fund's critical status, the Fund implemented a Rehabilitation plan in compliance with the Pension Protection Act of 2006 ("PPA"). Participating employers in the Fund were notified of the implementation of the Rehabilitation Plan by letter, which is attached as Plaintiffs' Exhibit 6. Beginning in May 2009, employers were required to pay a surcharge in the amount of 10% of all contributions. As of January 1, 2011, Hearthside, under the Preferred Schedule of the Rehabilitation Plan, was required to pay an additional 7.75% on all contributions.

17.  To date, Defendant has failed to remit certain contractually required contributions, surcharges and remittance reports. Because of these delinquencies, interest and liquidated damages will be assessed.

18.  The SEIU Pension Fund has made multiple attempts to contact the Defendant since the Defendant's delinquencies. The Defendant has not made any response.

## COUNT I

19.  Plaintiffs reallege and incorporate Paragraphs 1 through 18.

20.  This claim arises under Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1145.

21. Defendant is obligated, under the terms of the collective bargaining agreement, to provide remittance reports, contributions, and surcharges to the SEIU Pension Fund on behalf of the Defendant's employees. The Defendant has failed and refused to fulfill its contractual obligations.

22. Defendant owes contributions amounting to $13,890.22 for the work months of July 2010 through November 2011.

23. Defendant owes supplemental contributions pursuant to the Preferred Schedule of the Fund's Rehabilitation Plan in the amount of 7.75% of all contributions for the work months of December 2011 through the present.

24. Defendant additionally owes interest, liquidated damages, and surcharges on these delinquent contributions and surcharges.

25. Defendant has also failed to remit a report for January 2010. Without the required report, the SEIU Pension Fund cannot calculate the amount due for this month.

26. Prior to commencing this lawsuit, the SEIU Pension Fund sent several letters and attempted to directly contact the Defendant in an attempt to obtain the outstanding remittance reports and contributions from Defendant. Defendant continues to fail and refuse to remit the required reports or make payment on the amounts due. There is little prospect that, lacking judicial compulsion, Defendant will satisfy its obligations to the SEIU Pension Fund, and pay the delinquent and unpaid contributions, liquidated damages and interest due on the delinquent and unpaid contributions.

**WHEREFORE**, Plaintiffs respectfully request that the Court:

1.  Declare that Defendant is delinquent in remitting required reports and contributions to the SEIU Pension Fund pursuant to the Collective Bargaining Agreement;

2.  Enter judgment for $13,890.22 for delinquent contributions from the work months of July 2010 through November 2011;

3.  Enter judgment for unpaid supplemental contributions in the amount of 7.75% of all contributions for the work months of December 2011 through the present;

4   Order Defendant to provide remittance reports to the SEIU Pension Fund for the month of January 2010 and enter judgment for all past due contributions for this month;

5.  Enter judgment for interest at a rate of 10% per annum and for liquidated damages in the amount of 20% on all past-due contributions, supplemental contributions, and surcharges for the period of July 2010 through the present;

6.  Enter judgment for Plaintiff's attorneys' fees and costs, as required by the Collective Bargaining Agreement, the Trust Agreement and Section 502(g) of ERISA;

7.  Enter a permanent injunction requiring the Defendant to timely file its remittance reports and to pay all contributions as they become due and owing to the SEIU Pension Fund in the future;

8.  Retain jurisdiction of this case pending compliance with its Orders; and

9.  Grant such further relief as the Court may deem appropriate.

Respectfully Submitted,

/s/
_____
Richard C. Welch
Mooney, Green, Saindon, Murphy & Welch, P.C.
1920 L Street, NW, Suite 400
Washington, D.C.  20036
(202) 783-0010
rwelch@mooneygreen.com
Counsel for the Plaintiffs

Date: April 5, 2012